NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

PATRICK FITTZ, *Appellant*.

No. 1 CA-CR 17-0322
FILED 7-26-18

Appeal from the Superior Court in Maricopa County
No. CR2016-145792-001
The Honorable Jacki Ireland, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Janelle A. McEachern, Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

Patrick Fittz, St. Johns
*Appellant*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Jennifer M. Perkins joined.

---

**C A T T A N I,** Judge:

¶1            Patrick Fittz appeals his conviction of misconduct involving weapons and the resulting sentence. Fittz's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, she found no arguable question of law that was not frivolous. Counsel asks this court to search the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Fittz filed a supplemental brief raising several issues, which we address below. After reviewing the record and considering the issues raised in the supplemental brief, we affirm Fittz's conviction and sentence.

**FACTS AND PROCEDURAL BACKGROUND**

¶2            In September 2016, a police officer saw Fittz hand a small plastic baggie to another man on the street. The officer approached Fittz and noticed that he had an open container of alcohol in his hand. The officer detained Fittz—who refused to provide his name, date of birth, or any other identifying information. Fittz was arrested for refusing to provide his name, *see* Ariz. Rev. Stat. ("A.R.S.") § 13-2412, and for consuming liquor in a public place, *see* A.R.S. § 4-244(20). In a search incident to arrest, officers found an operable firearm in Fittz's backpack.

¶3            Fittz had prior felony convictions, and the State charged him with one count of misconduct involving weapons (prohibited possessor), a class 4 felony. *See* A.R.S. §§ 13-3102(A)(4), (M) (possessing a deadly weapon as a prohibited possessor), -3101(A)(7)(b) (defining prohibited possessor). The superior court ordered a mental health evaluation under Arizona Rule of Criminal Procedure 11, and found Fittz competent to stand trial. Fittz then waived his right to counsel.

¶4            Fittz, proceeding *pro se*, filed a motion challenging the superior court's subject matter jurisdiction. He also moved for dismissal

based on an alleged violation of his right to a speedy trial under Arizona Rule of Criminal Procedure 8. The court denied both motions.

¶5        After a four-day trial, a jury convicted Fittz as charged. The court found that Fittz had two historical prior felony convictions and sentenced him as a category three repetitive offender to a minimum term of 8 years' imprisonment, with 230 days of presentence incarceration credit. *See* A.R.S. § 13-703(J). Fittz timely appealed.

## DISCUSSION

### I.        Fittz's *Pro Se* Supplemental Brief.

#### A.        Validity of the Stop, Arrest, and Search.

¶6        Fittz argues that the initial detention, his arrest, and the search of his backpack violated his rights under the Fourth Amendment of the United States Constitution. The Fourth Amendment does not restrict all contact between police officers and citizens; rather, it requires a particularized and objective justification for such contact only when a person has been detained. *United States v. Mendenhall*, 446 U.S. 544, 553–54 (1980). A detention is lawful if it is supported by reasonable suspicion, meaning "a justifiable suspicion that the particular individual to be detained is involved in criminal activity." *State v. Canales*, 222 Ariz. 493, 495, ¶ 9 (App. 2009) (citation omitted). Once lawfully detained, it is "unlawful for a person . . . to fail or refuse to state [their] true full name on request of a peace officer." A.R.S. § 13-2412(A). If there is probable cause for an arrest, officers may conduct a search incident to the arrest, which is a search confined to "an area within the immediate control of the defendant at the time of arrest." *State v. Noles*, 113 Ariz. 78, 82 (1976).

¶7        Here, an officer initially approached Fittz to investigate a potential drug transaction, and Fittz does not argue that he was detained by the officer's approach. Because the officer then saw that Fittz had an open container of alcohol, the officer had reasonable suspicion that Fittz had violated A.R.S. § 4-244(20), and the officer could lawfully detain him. *Cf.* A.R.S. § 13-3883(A)(2). Once lawfully detained, Fittz refused to provide any identifying information to officers, providing probable cause to arrest him for a violation of § 13-2412. That arrest provided the requisite basis for a search of his backpack incident to arrest. Accordingly, the stop, arrest, and search did not violate Fittz's Fourth Amendment rights.

### B.    Subject Matter Jurisdiction.

**¶8**        Fittz next argues that the superior court lacked subject matter jurisdiction.  His argument fails, however, because the superior court has original jurisdiction over criminal cases involving a felony, Ariz. Const. art. 6, § 14(4), and there is no dispute that Fittz was charged with and convicted of a felony.

**¶9**        Fittz nevertheless asserts that the State's failure to file a direct complaint within 48 hours of his initial appearance, as required by Arizona Rule of Criminal Procedure 4.1(b), deprived the superior court of subject matter jurisdiction.  Without addressing whether noncompliance with this rule affects the court's subject matter jurisdiction, we reject Fittz's argument because the complaint in this case was timely.  Fittz's initial appearance was on Saturday, September 24, at 5:00 p.m., and the direct complaint was filed on Tuesday, September 27.  Under Arizona Rule of Criminal Procedure 1.3(a)(3), when computing a time period of more than 24 hours, but less than 7 days, intermediate Saturdays and Sundays are excluded.  Thus, the direct complaint was timely.

**¶10**        Fittz further argues that the superior court lacked subject matter jurisdiction because it "broadened the scope of the indictment [to] permit[] conviction for an uncharged offense."  He asserts in particular that the jury was instructed regarding "possision [sic] of a weapon by a prohibited person" and not misconduct involving weapons—the charge on which he was indicted.  But a person commits the crime of misconduct involving weapons by "possessing a deadly weapon . . . if such person is a prohibited possessor."  A.R.S. § 13-3102(A)(4).  Thus, the jury was instructed properly, and we need not address Fittz's jurisdictional argument based on the scope of the indictment.

### C.    Rule 11 and Speedy Trial.

**¶11**        Fittz alleges that by delaying trial for a mental health evaluation under Arizona Rule of Criminal Procedure 11, the superior court violated his right to a speedy trial under Arizona Rule of Criminal Procedure 8.  The superior court may, however, order a Rule 11 evaluation to determine the defendant's competency to stand trial "on motion or on its own" any time after an indictment.  Ariz. R. Crim. P. 11.2(a)(1).  And computation of time under Rule 8 excludes "delays caused by an examination and hearing to determine competency."  Ariz. R. Crim. P. 8.4(a)(1).  Accordingly, the superior court's decision to order a Rule 11

evaluation was proper, and the time required for the evaluation process was appropriately excluded.

### D.  Visible Restraints.

**¶12**      Fittz argues that the superior court violated his due process rights by causing him to wear visible restraints throughout trial.  But Fittz personally chose to wear the visible restraints, as well as prison garb, during trial.  The court offered an alternative to the visible restraints and Fittz declined.  Thus, his claim fails.

### E.  Right to Self-Representation.

**¶13**      Fittz argues that the superior court violated his right to self-representation by appointing an attorney to represent him before he waived his right to counsel.  *See* U.S. Const. amend VI; Ariz. Const. art. 2, § 24.  But Fittz provides no authority—and we are unaware of any—for the proposition that a defendant's rights are violated by appointing counsel before a court has determined that the defendant has knowingly, voluntarily, and intelligently waived his right to counsel.  *Compare Faretta v. California*, 422 U.S. 806, 835 (1975) ("Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open.") (quotation omitted).  Accordingly, the superior court did not violate Fittz's right to self-representation.

### F.  The State's Involvement.

**¶14**      Fittz further argues that the State should not have been allowed to act as a witness—through police officers—and as the prosecutor and the judge, while also being a party to the action.  But the State must prosecute criminal offenses, and may present witnesses in criminal prosecutions brought in the name of the State of Arizona.  *See* Ariz. Const. art. 6, § 25.  And an independent judicial officer presided over Fittz's trial.  *See* Ariz. Const. art. 6, §§ 1, 14.

### G.  Allegation of Prior Convictions.

**¶15**      Fittz next argues that the State did not timely disclose its allegation of prior convictions.  But the State filed its allegation, which included all prior convictions considered by the court at sentencing, more than three months before trial.  *See* A.R.S. § 13-703(N) ("The court shall

allow the allegation of a prior conviction at any time before the date the case is actually tried unless the allegation is filed fewer than twenty days before the case is actually tried and the court finds on the record that the person was in fact prejudiced by the untimely filing . . . .").  Accordingly, the State timely alleged Fittz's prior convictions.

### H.      Right to Be Informed of the Charges.

**¶16**          Fittz argues that the superior court violated his right to be informed of the nature and cause of the charges against him.  But the State informed Fittz of the nature and cause of the charges against him through the direct complaint and the grand jury's indictment.

## II.      Fundamental Error Review.

**¶17**          We have read and considered counsel's brief and Fittz's supplemental brief, and we have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300.  We find none.

**¶18**          Fittz was present, and although he waived his right to counsel, he was provided advisory counsel throughout the proceedings. The record reflects that the superior court afforded Fittz all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial was sufficient to support the jury's verdict.  Fittz's sentence falls within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

**¶19** Fittz's conviction and sentence are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Fittz's representation in this appeal will end after informing Fittz of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Fittz has 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.

